## Commonwealth v. Dropski et al.

*Frederick B. Smillie*, district attorney, for Commonwealth.

*Frank X. Renninger*, for defendants.

CORSON, J., November 6, 1936.—On June 2, 1936, a warrant was sworn out charging all 59 defendants with having committed "a Breach of the Peace in the Borough of Norristown, contrary to the Act of Assembly, made and provided. . . ."

After a hearing before a justice of the peace, each of the defendants was fined $10 and costs and committed in default thereof to the county prison for 10 days. Defendants were shortly thereafter released on bail, and proceedings before the justice of the peace were thereupon brought before this court upon certiorari.

The question to be decided is whether or not there is sufficient in the record of the case to sustain the convictions. The basis of the convictions, and the entire foundation upon which they may be sustained, if at all, is the information sworn to before the justice of the peace. The only crime charged therein is described as "a Breach of the Peace . . . contrary to the Act of Assembly", etc. There is no act of assembly in this State defining breach of the peace as a crime. In order to bring the case within the summary jurisdiction of a magistrate the information must allege a crime over which a justice of the peace, by law, has summary jurisdiction. A mere description "Breach of the Peace" is not sufficient to allow a defendant to know with what particular crime he may be charged, and is, of course, insufficient to show that such crime is within the summary jurisdiction of the justice.

A study of the transcript does not show, any more than the information, what crime defendants are alleged to have committed. To discuss the question further would only serve the useless purpose of lengthening this opinion. The representative of the Commonwealth, at the argument, admitted that the record is not sufficient to sustain the convictions.

And now, November 6, 1936, it is ordered, adjudged, and decreed that in the above-entitled case the convictions be, and they hereby are, set aside.